368 F.2d 993
 ROBERT A. JOHNSTON COMPANY, Appellee,
v.
SOUTHLAND DAIRY DISTRIBUTING COMPANY, Chef's Kitchen, Inc.,
John H. Tasker, Frederic E. Schluter, Jr., and
Dorothy O. Schluter, Appellants.
 No. 10778.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 6, 1966.
Decided Oct. 27, 1966.
 
 Harry Frazier, III, Richmond, Va. (Stedman H. Hines, Hines & Dettor, Greensboro, N.C., and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on motion), for appellants.
 A. W. Sapp, Jr., Greensboro, N.C. (Clyde T. Rollins, Seymour, Rollins & Rollins, and Sapp & Sapp, Greensboro, N.C., on motion), for appellee.
 Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The corporate appellants, Southland Dairy Distributing Company and its subsidiary, Chef's Kitchen, Inc., move for their dismissal as parties to this appeal and for modification of the supersedeas bond filed in conjunction with the appeal so that it will remain binding only on the three individual appellants.
 
 
 2
 The action arose out of a distributorship agreement entered into between Robert A. Johnston Company, the present appellee, and Southland, whereby Southland agreed to sell Johnston's products and remit the amounts collected less commissions. Johnston brought suit against Southland in the District Court to recover monies allegedly owing to it from the sale of these products. Southland denied the allegations of the complaint and filed a counterclaim based upon an alleged breach of the distributorship contract on the part of Johnston.
 
 
 3
 Thereafter, Johnston filed an amended complaint in which Chef's Kitchen, Inc., John H. Tasker, Frederic E. Schluter and Dorothy O. Schluter were named as codefendants with Southland. Johnston alleged that the monies owing to it were diverted by Southland to Chef's Kitchen, a wholly owned subsidiary of Southland, at the instance of the three individual defendants, who were the sole shareholders, officers and directors of both Southland and Chef's Kitchen. The defendants filed a joint answer denying these allegations and again pleaded the breach of the distributorship agreement as a counterclaim.
 
 
 4
 Judgment in the amount of $24,816.98 was entered, on specific findings by the jury, against Southland and the three individual defendants. No judgment was entered against Chef's Kitchen, and the counterclaim against Johnston was dismissed by the court. A notice of appeal and supersedeas bond to stay execution of the judgment were filed in the District Court on behalf of all five defendants.
 
 
 5
 Southland and Chef's Kitchen now move for entry of an order dismissing their appeal and releasing them from their obligation under the bond. Southland's liability was admitted at trial and appellants concede that there is no possible ground of reversal as to it. They argue that if the requested relief is denied, a reversal on appeal as to the individual defendants would prove to be a hollow victory, since Johnston could nevertheless obtain full satisfaction of its judgment by enforcing Southland's obligations under the bond. They complain that failure to grant their motion now will cast upon counsel for the two corporate appellants the extra burden of preparing briefs in their behalf. As we see the matter, however, the movants and the three individual defendants are not unrelated and it is unlikely that additional briefs would be required or that extensive additional material would have to be added to the briefs of the other appellants. It is also contended that since no judgment was entered against Chef's Kitchen it should not have been made a party to the appeal. They point out that Southland and Chef's Kitchen were joined as appellants and the bond filed on their behalf only through the inadvertence of former counsel who handled the case below.
 
 
 6
 We think that the motion should be denied at this time, without prejudice to its renewal later. At this stage of the proceedings we do not have the benefit of briefs or argument on the merits of the case, and any action we might take now could later prove to have been precipitous. If Southland or Chef's Kitchen demonstrates on argument of the case that it is entitled to the requested relief, an order to that effect can be entered before final judgment, thus obviating any possible prejudice. We therefore deny the motion, with leave to either party to amplify the record by testimony in the District Court in respect to the matter raised in the motion.
 
 
 7
 In its response to the above motion, Johnston moved to dismiss the appeals of all five appellants for failure to file their briefs before expiration of the one month extension granted by this court. A motion for a further extension of time has been submitted on behalf of the appellants, however, and in the circumstances we find no sufficient basis for dismissal of their appeals at this time. The Clerk will assign dates for the filing of briefs by the respective parties and the appeal will be heard in regular course.
 
 
 8
 Motions dismissed.
 
 
 9
 ---------------
 
 
 
 1 'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person with in the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'
 2 For example, in paragraph 10 of appellant's complaint he alleges that when he could not give an agent of the FBI certain information concerning 'another case' that 'petitioner was set upon by said person and three agents of the San Quentin Prison (names unknown) and thereafter this petitioner/plaintiff was beat, kicked, knocked, stomped, thrashed, and cursed in their, said persons (names unknown) effort to coerce this petitioner/plaintiff into making a statement about another case of their interest; and, a confession to the effect that this petitioner was involved in crimes of infamy against the people of the State of California; and, for the petitioner to cease and desist from any further action in the federal courts in the case of Brown vs Brown, Misc. 1299 D.C.N.D. California, supra.'